IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ROBERT GATZKE, THERESA DEUEL,
BRYAN SCHOFIELD, and GEOFFREY RICKABY,
On Behalf of Themselves
and all Others Similarly Situated,

    Plaintiffs,

v.                                                                  21-CV-0243-SCD

CITY OF WEST BEND, WISCONSIN,
JAY SHAMBEAU, DOUG NEUMANN,
MANITOU AMERICA HOLDING, INC. d/b/a and f/k/a
Manitou Americas, Inc., Gehl Company, Gehl Brothers
Manufacturing Company and Berres – Gehl
Manufacturing Company; and GREENFIELD
WORLDTRADE, INC. d/b/a The Legacy Companies
d/b/a and f/k/a The West Bend Company

    Defendants.

---

## DECLARATION OF ATTORNEY RONALD R. RAGATZ IN SUPPORT OF MOTION OF DEFENDANTS CITY OF WEST BEND, JAY SHAMBEAU, AND DOUG NEUMANN FOR ATTORNEY FEES PURSUANT TO FED. R. CIV. P. 54(d)(2) AND 42 U.S.C. § 1988

---

I, Ronald R. Ragatz, declare the following:

1.    I am a partner at the law firm DeWitt LLP and am lead counsel for Defendants City of West Bend, Jay Shambeau, Doug Neumann, and Manitou America Holding, Inc. in this case.

2.    I submit this declaration in support of the Motion for Attorney Fees filed by City of West Bend, Jay Shambeau, and Doug Neumann (the "City Defendants") pursuant to Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. § 1988. I make this declaration on personal knowledge.

3.    The Motion for Attorney Fees seeks fees for work on City Defendants' Motion for Summary Judgment to dismiss Plaintiffs' claims under 42 U.S.C. § 1983.

4.    I worked on the Motion for Summary Judgment as did my partner, J. Wesley Webendorfer, also of DeWitt LLP.

5.     To make a reliable estimate of the fees incurred in connection with moving to dismiss the Plaintiffs' claims under § 1983, we have excluded any amounts related to seeking the dismissal of Plaintiffs' state law claims based on City Defendants' arguments based on discretionary act immunity under Wis. Stat. § 893.80(4).

6.     The attorney fees incurred in working on the Motion for Summary Judgment were paid by both the City of West Bend and the City's insurers, Travelers and Nationwide.

7.     The City paid $30,650 for the attorney fees relating to the Motion. That represents 33.4 hours of my time billed to the City at $400/hour. Mr. Webendorfer worked 40.6 hours billed to the City at $325/hour. Mr. Webendorfer also worked 11.7 hours billed to the City at $350/hour in 2022.

8.     The insurers paid a combined total of $36,210 for 120.7 hours of legal work. Both my and Mr. Webendorfer's rates for all of the 120.7 hours was at $300/hour.

9.     I have been practicing law since 1977. My hourly rate of $300/hour paid by the insurers is below market rate. My rate of $400/hour billed to the City is discounted from my standard hourly rate.

10.     The total fair and reliable estimate of the work on the Motion for Summary Judgment related to Plaintiffs' § 1983 claims is $66,860.

11.     At the appropriate time designated by the Court, I will submit copies of legal invoices relating to the work on the Motion for Summary Judgment with appropriate redactions for communications within those invoices that are protected by the attorney-client privilege and/or the work product doctrine.

UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746, I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 18th day of May, 2022.

*/s/ Ronald R. Ragatz*